**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 97-50948**
**Summary Calendar**

_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**JEFFREY WAYNE EMMONS,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court,**
**for the Western District of Texas**
**(A-96-CA-851-JN)**

_____

July 27, 1998

Before KING, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Jeffrey Wayne Emmons, federal inmate # 49023-080, appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate, correct, or set aside his conviction for using and carrying a firearm in relation to a drug trafficking crime. Because Emmons's appeal is straightforward, the interests of justice do not require the appointment of counsel. Accordingly, Emmons's motion for appointment of counsel is **DENIED**.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Emmons contends that his conviction in 1989 under 18 U.S.C. § 924(c)(1) must be vacated because the definition in the jury instructions of the term "use" was erroneous in the light of **Bailey v. United States**, 516 U.S. 137 (1995). The jury instructions did not define the term "carry" and, therefore, the jury was permitted to give the term its ordinary meaning. The only firearms relating to Emmons, introduced into evidence at trial, were those he transported in the trunk of his vehicle. Therefore, the jury's guilty verdict for "using" or "carrying" firearms, based on the evidence at trial, necessarily encompassed the elements required to sustain a conviction under the "carrying" prong of 18 U.S.C. § 924(c)(1). *See* **Muscarello v. United States**, ___ U.S. ___, 118 S. Ct. 1911, 1913-14 (1998) (holding that a firearm in the trunk of a car satisfies the "carrying" prong of § 924(c)(1)); **United States v. Harlan**, 130 F.3d 1152, 1153-54 (5th Cir. 1997). Accordingly, Emmons is not entitled to § 2255 relief. *See* **United States v. Logan**, 135 F.3d 353, 355-56 (5th Cir. 1998).

*AFFIRMED*

2